JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 15-02346 SJO (AJWx) | **DATE:** April 21, 2015 |
| **TITLE:** Thirzah Ceniceros v. KHM Viceroy Beverly Hils, LLC et al. | |

===============================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz          Not Present
Courtroom Clerk           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**    **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                            Not Present

===============================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES**

This matter is before the Court on its own motion. On March 12, 2015, Plaintiff Thirzah Ceniceros ("Plaintiff") initiated the instant lawsuit against Defendants KHM Viceroy Beverly Hills, LLC, d/b/a L'Ermitage Beverly Hills Hotel ("KHM"), Michael Fonder ("Fonder"), and Fernando Alvarez ("Alvarez") (collectively, "Defendants") in the Superior Court of California for Los Angeles County ("Superior Court"). (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) In her original complaint, Plaintiff alleged that she began working for KHM as a café cook in 2011. (Compl. ¶ 12.) Plaintiff also maintained that she was promoted to the position of prep cook in 2012, and line cook in 2013, before being constructively terminated on December 12, 2014. (Compl. ¶ 12.) In her Complaint filed in the Superior Court, Plaintiff brought twelve[1] causes of action for: (1) gender discrimination (against all Defendants); (2) sexual battery (against Fonder and Alvarez); (3) sexual harassment (against all Defendants); (4) failure to investigate (against KHM); (5) failure to take reasonable steps to prevent sexual harassment (against KHM); (6) hostile work environment harassment (against all Defendants); (7) constructive discharge in violation of public policy (against KHM); (8) negligent hiring, supervision, and/or retention (against KHM); (9) intentional infliction of emotional distress (against all Defendants); (10) meal period violations (against all KHM); (11) rest period violations (against KHM); and (12) failure to pay wages due (against KHM). (*See generally* Compl.)

---

[1] Although the first page of the Complaint lists thirteen causes of action, (Compl. 1), Plaintiff's cause of action for retaliation is not included in the body of the Complaint. (*See generally* Compl.)

JS-6                      **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**   CV 15-02346 SJO (AJWx)        **DATE:**   April 21, 2015

KHM removed the matter to this Court on March 30, 2015.[2] (*See generally* Notice.) KHM's sole basis for removal is that Plaintiff's third cause of action for sexual harassment arises under both state and federal law, and therefore invokes federal question jurisdiction. (*See* Notice ¶¶ 7-10.) Specifically, the original Complaint provides that Plaintiff's sexual harassment claim is brought pursuant to: (1) California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12900, *et seq.* ("FEHA"); (2) Title VII of the Civil Rights Act of 1964 and Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); and (3) 42 U.S.C. § 1981 ("§ 1981").[3] (Compl. ¶¶ 43, 45.) KHM contends that this Court also has supplemental jurisdiction over Plaintiff's remaining claims, which are governed solely by California law, because they share a common nucleus of operative facts with her claim governed by federal law. (Notice ¶ 11.) The Notice makes no reference to diversity jurisdiction. (*See generally* Notice.)

On April 3, 2015, Plaintiff and KHM filed a Joint Stipulation for Extension of Time ("Stipulation") to permit Plaintiff to file an amended complaint and KHM to file an answer thereto. (Stipulation, ECF No. 10.) The Court ordered that Plaintiff file her amended complaint on or before April 10, 2015, (ECF No. 13), and Plaintiff filed the First Amended Complaint ("FAC") on April 7, 2015. (*See generally* FAC, ECF No. 11.) In the FAC, Plaintiff brings twelve causes of action for: (1) gender discrimination (against all Defendants); (2) sexual battery (against Fonder and Alvarez); (3) sexual harassment (against all Defendants); (4) retaliation (against KHM); (5) failure to investigate (against KHM); (6) failure to take reasonable steps to prevent harassment (against KHM); (7) constructive discharge in violation of public policy (against KHM); (8) negligent hiring, supervision, and/or retention (against KHM); (9) intentional infliction of emotional distress (against all Defendants); (10) meal period violations (against KHM); (11) rest period violations (against KHM); and (12) failure to pay wages due (against KHM). (*See generally* FAC.) With regard to Plaintiff's sexual harassment claim, any references to a federal statute, including Title VII and § 1981, are notably absent. (*Compare* Compl. ¶¶ 41-55, *with* FAC ¶¶ 41-55.) Instead, Plaintiff's sexual harassment claim is brought solely pursuant to California's FEHA. (*See, e.g.,* FAC ¶¶ 42-46, 50, 54-55.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a

---

[2] KHM maintains that as of the date of its Notice, Defendants Fonder and Alvarez had not been served. (Notice ¶ 3.)

[3] The Court notes that "gender discrimination is not actionable under [§] 1981, which creates a remedy only for discrimination based on race or ethnicity." *Wiley v. Dep't of Children & Family Servs.,* No. CV 12-04334 GHK, 2013 WL 502200, at *6 (C.D. Cal. Feb. 7, 2013) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1123 (9th Cir. 2008); *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir. 1986)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

CASE NO.:   CV 15-02346 SJO (AJWx)          DATE: April 21, 2015

court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citation and internal quotation marks omitted).  Under the removal statute, an action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  Here, Defendants argue that the Court has federal question jurisdiction under 18 U.S.C. § 37 ("Section 37").  (Notice ¶ 8.)

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted).  Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he or she may avoid federal jurisdiction by pleading exclusively state law claims.  *See, e.g., Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Plaintiff is the master of her claim and "may avoid federal jurisdiction by exclusive reliance on state law."  *See Williams,* 482 U.S. at 392 (footnote omitted); *see also Balcorta,* 208 F.3d at 1106.  Here, by eliminating claims which rely on a federal cause of action or "necessarily depend[] on resolution of a substantial question of federal law," *see McVeigh,* 547 U.S. at 690, and relying solely on the FEHA as the basis of her sexual harassment claim, Plaintiff has done just that.  (*See* FAC ¶¶ 41-55.)  Under these circumstances, remand is appropriate.  *See, e.g., Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 n.3 (9th Cir. 1995) ("In this case . . . the federal claims were dismissed so promptly that defendants suffered no prejudice from removal").

III.    RULING

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County.  This action shall close.

IT IS SO ORDERED.